LAW OFFICES OF
# SCOTT B. TULMAN & ASSOCIATES, PLLC

THE HELMSLEY BUILDING
230 PARK AVENUE
18ᵀᴴ FLOOR
NEW YORK, NEW YORK 10169
(212) 867-3600
TELECOPIER: (212) 867-1914
WWW.TULMANLAW.COM

December 22, 2020

The Honorable Colleen McMahon
Chief Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/26/21

Re:   United States v. Ramiz Povataj
      15 Cr. 663 (CM)

Dear Chief Judge McMahon:

I represent Ramiz Povataj ("Povataj") in connection with his pending Violation of Supervised Release proceeding ("VOSR"). At Mr. Povataj's request, I respectfully submit this bail application pursuant to 18 U.S.C. §3145(c) on the ground that the passage of time and deteriorating conditions at the MCC constitute changed circumstances justifying this application. The Government does not consent to Mr. Povataj's application.

We respectfully propose the following combination of conditions of release will assure the safety of the community and Mr. Povataj's appearance in court whenever required:

1. A $500,000 bond secured by a three family home located in the Bronx owned by Mr. Povataj's sister, Shureta Povataj, with significant equity;

2. Three financially responsible co-signers in addition to Povataj, including both of Povataj's sisters and his wife;

3. Home incarceration with electronic monitoring, with Povataj restricted to his home (with his wife and child) 24 hours a day except for medical necessities, attorney visits, court appearances or other activities approved in advance by Pretrial Services;

4. Surrender of all travel documents with no new applications; and

MEMO ENDORSED

1/25/2021. I will not modify bail. For the reasons outlined in the government's letter of 1/22, there are no conditions or combination of conditions that could reasonably protect the community from the danger posed by Povataj.

Colleen McM

Scott B. Tulman & Associates, PLLC

> 5. Defendant to be detained until Pretrial approves Povataj's place of residence, all other conditions are met, and Povataj is COVID tested and quarantined for seven days.

As the Court is aware, Mr. Povataj has a history of prior convictions for commercial burglaries and was on supervised release from his conviction in the instant case when he was arrested by members of the NYPD for a commercial burglary in Queens County in April, 2020. This VOSR proceeding was commenced and Mr. Povataj voluntarily reported to be taken into federal custody on April 20, 2020, after he was released on bail in the state case. The state case, upon information and belief, has yet to be indicted and it next appears on the state court's calendar in an "All Purpose Part" on January 25, 2021.

Recommended for release by Pretrial Services when initially arrested on the VOSR, Mr. Povataj was ordered detained by Chief United States Magistrate Judge Paul E. Davison at his presentment and this Order was affirmed by Your Honor in a video/teleconference hearing conducted on May 6, 2020. Since that time, the VOSR revocation hearing was repeatedly re-scheduled and it has now been adjourned *sine die* pending determination of the legal issue whether Mr. Povataj can lawfully waive a revocation hearing and proceed to sentencing without putting the Government to its proof (except for a Government proffer) and without admitting to any specifications that could be used against him in the pending state case.

Mr. Povataj credibly reports to me that a variety of significant challenges exist at the MCC where Mr. Povataj is housed making conditions there harsher than ever. No doubt, the Court is more aware than I of the current state of affairs at the MCC, including the mass lockdowns and deteriorating conditions resulting from the COVID 19 Pandemic, contraband seizures, and smoke issues from recent fires. All of these challenges have directly impacted Mr. Povataj's conditions of confinement. The harshness of the present conditions of confinement and the time that Mr. Povataj has had to endure these conditions should be considered as part of any sentence that might be imposed in this case and militate in favor of the Court's reconsideration of its prior decision to remand Mr. Povatj principally on the ground that he poses the danger of committing future commercial burglaries.

Povataj has no history of violence and his offenses involve damage to property, not to persons. He has no history of threatening or intimidating witnesses or victims, and no history of narcotics or weapons trafficking. The concern that Mr. Povataj might engage in additional commercial burglaries if released is a significant concern but one that can be satisfactorily addressed by imposing the stringent condition of home incarceration with electronic monitoring which operates to prevent Mr. Povataj from leaving his home except under limited circumstances and only after first obtaining approval. The Government's wholly speculative claim in the bail hearing conducted before Your Honor that Mr. Povataj can evade detection and commit crimes

SCOTT B. TULMAN & ASSOCIATES, PLLC

because of his expertise with scanning and surveillance devices is devoid of any evidentiary basis – we are unaware of any claim by Pretrial Services that their electronic location monitoring equipment can be so easily compromised. Mr. Povataj, no stranger to "doing time" is adamant that the conditions at the MCC now are as bad as he has ever seen in a prison. He hopes that he can be released on bail during the COVID 19 Pandemic and, if he must return to jail in the future, he will do so. Mr. Povataj has never failed to appear in court when required.

The maximum sentence that Mr. Povataj faces for the alleged violations of supervised release is 24 months' incarceration without considering the impact of "good-time" credits awarded by the Bureau of Prisons, and the possibility of early release to a halfway house or home confinement. Thus, Mr. Povataj has already served a significant part of his sentence, even if the Court were to impose the maximum permissible sentence in this case.

In a pretrial detention hearing, the burden is on the government to establish by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community if such a claim is made in support of an application for pre-trial detention. United States v. Ferranti, 66 F.3d 540, 542 (2d Cir. 1995), United States v. Arena, 894 F. Supp. 580, 585-86 (N.D.N.Y. 1995)(citing United States v. Chimurenga, 760 F.2d 400, 405 (2d Cir. 1985). While Mr. Povataj's history of prior commercial burglaries supports the need for a bail package with extremely restrictive conditions, the proposed package meets that need

Here, the proposed bail conditions obviate any significant risk of flight or danger to the community. For these reasons, we respectfully renew our request that Mr. Povataj be released on the conditions set forth above pursuant to 18 U.S.C. § 3145(c), and take this opportunity to wish the Court and Chambers a happy holiday season and only good things for the New Year.

Respectfully submitted,

Scott B. Tulman

SBT:ss
cc:  Kimberly Ravener, Esq., AUSA

3